ROBERT S. BROWN, State Bar No. 187845
**ROBERT STANFORD BROWN, APC**
714 W. Olympic Boulevard, Suite 450
Los Angeles, California 90015
Telephone: (213) 745-6300
Facsimile: (213) 261-3906
rstanfordbrown@gmail.com

Attorney for Plaintiff IGOR SAKHAR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGOR SAKHAR,<br><br>                    Plaintiff,<br>vs.<br><br>CITY OF LOS ANGELES OF LOS ANGELES, a public entity, and DOES 1 through 10, Inclusive,<br><br>                    Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Violation of 4th Amendment—False Arrest (42 U.S.C. §1983);<br><br>2. Violation of 4th Amendment—Excessive Force<br><br>3.  Failure to Intervene in Unlawful Arrest (42 U.S.C. §1983)<br><br>4. Supervisory Liability (42 U.S.C. §1983)<br><br>5. Municipal Liability (42 U.S.C. §1983-Unconstitutional Custom or Policy<br><br>6. Municipal Liability (42 U.S.C. §1983-Failure to Train<br><br>7. Bane Act<br><br>8. False Imprisonment/False Arrest<br><br>9. Intentional Infliction of Emotional Distress |

**(DEMAND FOR JURY TRIAL)**

_____

## I.

## COMPLAINT

Plaintiff Igor Sakhar ("Plaintiff") brings this lawsuit pursuant to 42 U.S.C. §1983 to vindicate his rights to be free from excessive force and unreasonable and unlawful seizures (i.e., false arrest) by Los Angeles Police Department (LAPD) officers and/or supervisors acting under color of law.

## INTRODUCTION

1.     The Fourth and Fourteenth Amendments to the United States Constitution protects the rights of arrestees against excessive force and unlawful seizures.

2.     In this case, Los Angeles Police Department (LAPD) officers tasked with preserving those rights instead used excessive force and an unconstitutional arrest and fabricated arrest charges against Plaintiff.

3.     In short, this case is about vindicating Plaintiff's constitutional rights.

## VENUE AND JURISDICTION

4.     This action is brought under 42 U.S.C. §§1983, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 29 U.S.C. §§1331 and 1343(a)(1), (2), (3) and (4).  State claims are brought under pendant jurisdiction.

5.     Venue is proper in the Central District of California.  The facts and circumstances underlying all claims, as well as the injuries, took place within the geographic jurisdiction of this Court.

6.     On October 8, 2021, Plaintiff filed a Claim for Damages with the City.  Under California Government Code § 945(a)(2), Plaintiff has 2 years from the date the cause of action accrued to initiate her state law claims.

## II.

## PARTIES

7.      At all relevant times, Plaintiff IGOR SAKHAR ("Plaintiff") was a resident of Los Angeles County in California.

8.      Plaintiff is informed, believes, and alleges that, at all relevant times, THE CITY OF LOS ANGELES ("the CITY") is a governmental entity organized under the laws of the State of California.  The CITY is responsible for and administers the CITY'S Police Department ("LAPD"), which, through LAPD Police Chief MICHAEL MOORE, promulgates policies and practices for the arrest of criminal suspects.  At all times, the CITY possessed the power and authority to adopt policies and prescribe rules, regulations, policies, and practices affecting all facets of the training, supervision, control, employment, assignment, discipline, and removal of individual members of the LAPD.  The CITY was also charged with the responsibility to assure that these policies, practices, rules, and regulations of the LAPD followed the laws and constitution of the United States and the State of California.

9.      Defendant Does 1 through 10 were, at all relevant times, officers, supervisors, and employees of Defendant CITY OF LOS ANGELES and the LAPD.  At all relevant times, they were acting under color of law within the course and scope of their respective duties as deputies or supervisors of the LAPD and with complete authority and ratification of Defendant CITY OF LOS ANGELES.  The full names of the named individual Defendants are unknown to Plaintiff.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each individual Defendant is responsible for some part of the conduct of the illegal misconduct alleged.

10.      Plaintiff is informed, believes, and alleges that, Defendants sued as Does 1 through 10, inclusive, were and are officers, supervisors, agents, or employees of Defendant CITY OF LOS ANGELES and LAPD and were, at all relevant times, acting

in the course and scope of their employment and agency.  Plaintiff alleges that each Defendant named as a "DOE" was in some manner responsible for the acts and omissions alleged.  At this time, Plaintiff is ignorant of the true names and capacities of the DOE Defendants, and upon discovery of the same, he will ask leave of this Court to amend this Complaint to alleges such facts, full names, and responsibility when that information is ascertained.

11.     Defendants and DOES 1 through 10 were, at all relevant times, CITY OF LOS ANGELES and LAPD officers, supervisors, and/or employees.  They were charged by law and were responsible for fairly enforcing and upholding the law to protect and serve members of the community;  the supervision of officers and other employees under their command in the LAPD; for the supervision, training, discipline and corrective action(s) of persons, deputies, supervisors, agents, or employees working under their chain of command within said CITY OF LOS ANGELES and LAPD; for creating or promulgating LAPD policies; and, for investigating, monitoring and reporting the misconduct of their subordinates and/or fellow officers.

12.     Plaintiff is informed, believes, and alleges, that at all relevant times, Defendants DOES 1 through 10, inclusive, are, and at all relevant times, were officers, supervisors, agents, or employees of Defendant CITY OF LOS ANGELES and LAPD, and were acting within the course and scope of their employment and/or agency and under color of state law. Each of the Defendants and DOE Defendants caused and is responsible for the unlawful conduct in personally participating in the conduct or acting jointly and in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting, or failing to act to prevent the unlawful conduct and by promulgating or failing to promulgate policies and procedures. These actions or omissions resulted in unlawful conduct through the failure—with deliberate indifference to Plaintiff's rights— to initiate and maintain adequate supervision, training, or compliance with responsibilities and duties; failure to maintain proper and adequate policies, procedures,

4

and protocols; and by ratifying and condoning the unlawful conduct performed by officers, supervisors, agents or employees under their direction and control.

13.    Plaintiff is informed, believes, and alleges, that at all relevant times, Defendants, and each of them, were the agents, servants, joint venturers, partners, or employees, of each other Defendant, and as such, were acting within the course and scope of their agency, employment or joint venture. The respective principals subsequently ratified all acts, conduct or omissions and accepted the benefits of those ratifications.

14.    Plaintiff is informed, believes, and alleges, that each of the Defendants designated as a DOE is responsible, in some manner, for the events and happenings referred to, proximately causing the injuries and damages to Plaintiff as alleged.

15.    At all times mentioned, Defendant DOES 1 through 10, were acting under color of the laws, statutes, ordinances, regulations, customs, and usages of the United States Constitution, State of California, and CITY OF LOS ANGELES pursuant to their official authority and their policies, procedures, practices, and/or customs established by directives and/or other acts of the LAPD and Defendant CITY OF LOS ANGELES.

## III.

## FACTS COMMON TO ALL CAUSES OF ACTION

16.    On April 10, 2021, LAPD officers and/or supervisors falsely arrested Plaintiff at home, located at 505 N. Figueroa Street, Apt. 405, in Los Angeles.  At that time, Plaintiff was living with two (2) female roommates.

17.     Plaintiff was awakened at about 4:00 a.m. when LAPD officers and/or supervisors knocked loudly on his apartment door.

18.    Plaintiff went to the door in his underwear and a night shirt.  When Plaintiff asked who was at the door, the response was that it was "LAPD."  When Plaintiff looked out of the peephole someone put finger over it.  He asked if the person could remove his

finger so he could see he could see if they were police officers or if they could show some document to explain why they were there. LAPD officers and/or supervisors continued knocking loudly while yelling at him to open the door.

19.     Plaintiff opened the door. Upon opening the door, Plaintiff saw 4-5 LAPD officers. A white female LAPD officer told Plaintiff to leash his dog and step outside of the apartment. While leashing his dog, Plaintiff asked the officers why they were there and how he could help them.

20.     Plaintiff complied with everything that he was asked to do. He repeatedly asked the officers if they could tell him what was going on. At some point, he was told that they were looking for someone.

21.     After Plaintiff complied with the officer's order to step out of his apartment, Plaintiff was handcuffed. As they were handcuffing him, LAPD officers that they were looking for "Martin" who had two (2) prostitutes in the apartment.

22.     Plaintiff told the officers that there were no prostitutes at his home and that the officers were welcome to check his identification to see that he was not "Martin."

23.     Plaintiff was afraid. An LAPD officer asked him his name. After Plaintiff stated his name, the officer repeatedly asked him what his name was.

24.     Plaintiff told the LAPD officer that his hands were hurting and that he was not comfortable with what they were doing. Plaintiff told the officers multiple times to check his identification and leave.

25.     Two (2) officer used physical force to put him on the floor on his stomach. After doing so, the officers were smashing his face into the ground. Plaintiff was screaming that his face was burning. LAPD officers were immobilizing his body and head.

26.     LAPD Officers told Plaintiff that he was being arrested for resisting arrest. Plaintiff stated, in substance, that they were arresting because they were doing something

wrong and that his arrest did not have to happen.  Plaintiff was told that if he were calm and nice, then he would not have to be arrested.

27.     Plaintiff mentioned that his face was burning and that he needed medical attention.  He was told that he was going to the station and that he could get medical attention at the police station

28.     Before he was taken from his apartment, the officers did not allow to put his pants on.  Plaintiff was then transported to the police station by 2 LAPD officers.

29.     Plaintiff was taken to Hollywood Division station where he finally received some medical attention.  At Hollywood Division station, Plaintiff was allowed to wear his pants.

30.     Medical personnel told the LAPD officer that Plaintiff needed to be taken o the medical center.  Plaintiff was taken to the hospital in Hollywood.  Upon arrival to the hospital, an X-ray was done on Plaintiff.

31.     After the hospital, Plaintiff was taken to the Jail downtown.  He was at the jail for about 1 hour.  Plaintiff told one of the LAPD officers that he was going to initiate a complaint against him.  The officer responded that Plaintiff was not the first nor would he be the last who complained about him.

32.     Plaintiff received medical assistance at the Jail.  While there, he begged the officer to allow him to urinate and to have a drink of water.  The officers told Plaintiff, in substance, that he could wait because they were working extra hours because of him. When Plaintiff asked the doctor for water and to urinate, the doctor allowed him to do so. He asked the doctor for water and to pee.

33.     After Plaintiff received medical assistance, the LAPD officers put him in holding cell for about 3-4 hours, alone.  Plaintiff called out to an LAPD officer over the intercom and he asked him if he could make a phone call.  He told the officer that if he were going to stay in jail that he needed to make arrangements to care for his dog.  While in the Jail, Plaintiff was not allowed to make a phone call.

34.     Plaintiff is informed and believes that he was released from the Jail between 11:30 a.m. and noon.  Plaintiff then walked to his home from the jail.

35.     During the entire incident, no LAPD officer ever showed him a search warrant or an arrest warrant.

## IV.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF FOURTH AMENDMENT RIGHTS (42 U.S.C. §1983)—FALSE ARREST

### [As against Defendant DOES 1-10]

36.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-35.

37.     This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

38.     At all relevant times, Plaintiff possessed the right, guaranteed by the Fourth Amendment of the United States Constitution to be free from unreasonable and unlawful seizures by police officers or supervisors acting under color of law.  As described in Section III above, Defendants violated Plaintiff's' Fourth Amendment rights by unlawfully arresting him without probable cause and without an arrest warrant.  Specifically, unknown LAPD officers entered Plaintiff's home; ordered him out of him home; used physical force to throw him to the ground and arrested him without any legal justification.

39.     Plaintiff is informed and believes that in support of Plaintiff's unlawful arrest, Defendants falsified and fabricated documents regarding his arrest and incarceration.

40.     In doing so, these Defendants acted specifically with the intent to deprive

Plaintiff of his constitutional rights under the Fourth Amendment to be free from unreasonable and unlawful seizures.

41.     These Defendants subjected Plaintiff to the stated deprivations by actual malice, deliberate indifference or a reckless disregard of his rights under the United States Constitution.

41.     As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

42.     Defendants acted recklessly, with deliberate indifference to Plaintiff's constitutional rights and should have punitive damages assessed against them.  The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

43.     By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

## V.

### SECOND CLAIM FOR RELIEF

### VIOLATION OF FOURTH AMENDMENT RIGHTS (42 U.S.C. §1983— EXCESSIVE FORCE

### [As against Defendant DOES 1-10]

44.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-43.

45.     This claim is brought under Title 42 U.S.C. § 1983, and on the Fourth and Fourteenth Amendment of the United States Constitution and pursuant to the general laws of the State of California.  Plaintiff alleges each of these Defendants used excessive

9

force against him, deprived him of his constitutional rights and caused him to suffer grievous harm and physical, mental, and emotional injuries.

46.     As set forth above, Plaintiff was subjected to deprivation of rights by Defendants, which rights included, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and the laws of the United States.  Specifically, these individual Defendants have violated Plaintiff's constitutional right to be free from excessive force; and, failed to protect Plaintiff from being attacked physically —all of which are protected under the Fourth Amendment.  Plaintiff is informed and believes that Defendants have also falsified and fabricated reports regarding their use of excessive force against Plaintiff.

47.     As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions of these individual Defendants, Plaintiff suffered physical, mental and emotional injuries, which are ongoing.

48.     Defendants acted recklessly, with deliberate indifference to Plaintiff's constitutional rights and should have punitive damages assessed against them.  The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

49.     By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# VI.

## THIRD CLAIM FOR RELIEF

## FAILURE TO INTERVENE

### (As against DOES 1-10)

50.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-49.

51.     Upon information and belief, DOES 1-10 observed Plaintiff's unlawful arrest.  Plaintiff is informed and believes that DOES 1-10 knew that Plaintiff had not violated the law at the time of his unlawful arrest.

52.     Plaintiff is informed and believes that DOES 1-10 allowed Plaintiff to be unlawfully arrested even though they knew that he had not violated any law.

53.     Plaintiff is informed and believes that DOES 1-10 allowed Plaintiff to be the victim of excessive even though they knew that he had not violated any law and that force was not necessary.

54.     As police officers, DOES 1-10 had the power, discretion and authority to intervene and report Plaintiff's unlawful arrest and the use of excessive force against Plaintiff by other LAPD officers.  However, DOES 1-10 chose not to intervene on Plaintiff's behalf.

55.     Defendants had the affirmative duty to intervene to prevent excessive force and an unlawful detention and arrest pursuant to *U.S. v. Koon,* 34 F. 3d 1416 (9th Cir. 1994).

56.     Defendants acted with deliberate indifference to the rights of Plaintiff by showing conscious disregard for his liberty.   Thus, Defendants have violated Plaintiff's constitutional rights and proximately caused the damages set forth in the incorporated paragraphs, all in violation of 42 U.S.C. § 1983.

57.     As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a direct and proximate cause of the

acts and omissions of Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

58.    Defendants acted recklessly, with deliberate indifference to Plaintiff's constitutional rights and should have punitive damages assessed against them.  The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

59.    By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

## VII.

### FOURTH CLAIM FOR RELIEF

### SUPERVISORY LIABILITY  (42 U.S.C. § 1983)

### [As against DOES 1-10]

60.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-59.

61.    At all relevant times, Defendants had the duty to train, instruct, supervise and discipline LAPD officers, to insure that they respected—and did not violate— federal constitutional and statutory rights of citizens and to objectively investigate violations of citizen's rights, including the right to be free from unlawful seizure (arrest).

62.    Defendants breached these duties by participating in, condoning and ratifying Plaintiff's false arrest and the use of excessive force against Plaintiff. Defendants directed, encouraged, and acquiesced in the unlawful seizures of Plaintiff in violation of the 4th and 14th Amendments.

63.    Defendants acted with deliberate indifference to the rights of Plaintiff by showing conscious disregard for his liberty and her safety.   Thus, Defendants have violated Plaintiff's constitutional rights and proximately caused the damages set forth in the incorporated paragraphs, all in violation of 42 U.S.C. § 1983.

64.   As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

65.   Defendants acted recklessly, with deliberate indifference to Plaintiff's constitutional rights and should have punitive damages assessed against them.  The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

66.   By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

# VIII.
## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY-UNCONSTITUTIONAL CUSTOM OR POLICY
### (42 U.S.C. § 1983)
### (As Against Defendants City of Los Angeles and DOES 1-10)

67.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 66.

68.   On and before April 10, 2021, Defendants CITY OF LOS ANGELES and DOES 1-10 deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising, and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiff, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official policy or practice or custom recognized by the CITY OF LOS ANGELES and the LOS ANGELES POLICE DEPARTMENT.

13

69.     Individual Defendants and DOES 1-10 acted under color of law.

70.     Individual Defendants and DOES 1-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY OF LOS ANGELES.

71.     On information or belief, individual Defendants and DOES 1-10 were not disciplined, reprimanded, retrained, suspended or otherwise penalized in connection with the violation of Plaintiff's constitutional rights.

72.     Defendants CITY OF LOS ANGELES and DOES 1-10 together with other CITY OF LOS ANGELES policymakers and supervisors maintained the following unconstitutional customs, practices, and policies:

     a.   Unreasonably and wrongfully detaining or arresting members of the community or allowing the same.

     b.   Unreasonably using force against members of the community or allowing the same.

     c.   Employing and retaining as officers and other personnel, including individual Defendants and DOES 1-10, who Defendants CITY OF LOS ANGELES and DOES 1-10, at all relevant times, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LAPD policies regarding the lawful arrest of or use of excessive force against members of the community.

     d.   Inadequately supervising, training, controlling, assigning, and disciplining LAPD officers and other personnel, including individual Defendants and DOES 1-10, who Defendants CITY OF LOS ANGELES and DOES 1-10 each knew, or in the exercise of reasonable care, should have known had dangerous propensities and character traits.

e.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by individual Defendants and DOES 1-10.

f.  Failing to adequately discipline individual Defendants and DOES 1-10, for the above-referenced categories of misconduct, including "slap on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

g.  Encouraging, accommodating, or facilitating a "code of silence" in which officers do not report other officers' errors, misconduct or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer or supervisor, while following the code, the officer or supervisor questioned will claim ignorance of the other officer's or supervisor's wrongdoing.

h.  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of incidents of false arrest and excessive force, including by failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in falsely arresting members of the community.

i.  Refusing to discipline, terminate or retrain the officers in making legal arrests or uses of force, even where incidents of false arrests and excessive force were determined to be unconstitutional.

j.  Having and maintaining an unconstitutional custom and practice of using excessive force, making false arrests and covering up police misconduct.  These customs and practices by CITY OF LOS ANGELES and DOES 1-10 were condoned by Defendants in deliberate indifference to the safety and rights of members of the community, including Plaintiff.

73.  By reason of the stated policies, customs and practices of Defendants CITY OF LOS ANGELES and DOE SUPERVISORS 1-10, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

74.     Defendants CITY OF LOS ANGELES and DOES 1-10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the different policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, Defendants condoned, tolerated and, through actions and omissions, ratified such policies.  Defendants also acted with deliberate indifference to both the foreseeable effects and consequences of these policies and the constitutional rights of Plaintiff, and other individuals similarly situated.

75.     By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY OF LOS ANGELES and DOE 1-10, acted with intentional, reckless, and callous disregard for the well-being of Plaintiff and his constitutional rights.  Defendants CITY OF LOS ANGELES and DOES 1-10, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

76.     Furthermore, the policies, practices, and customs implemented, maintained and still tolerated by Defendants CITY OF LOS ANGELES and DOES 1-10, were affirmatively linked to, and were significantly influential forces behind Plaintiff's injuries.

77.     As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

78.     By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

/ / /

/ / /

/ / /

# IX.

## SIXTH CLAIM FOR RELIEF

## MUNICIPAL LIABILITY-FAILURE TO TRAIN

### (42 U.S.C. § 1983)

### (As Against Defendant City of Los Angeles and DOES 1-10)

79.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 78.

80.     DOES 1-10 acted under color of state law.

81.     The acts of Defendants deprived Plaintiff of his rights under the United States Constitution.

82.             On information and belief, Defendants failed to properly and adequately train individual Defendants and DOES 1-10, including but not limited to, with regard to the use of making legal arrests and use of physical force.

83.     The training policies of Defendant CITY OF LOS ANGELES were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including making legal arrests and using physical force.

84.     Defendant CITY OF LOS ANGELES was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

85.     The failure of Defendant CITY OF LOS ANGELES to provide adequate training caused the deprivation of Plaintiff's rights by individual Defendants and/or DOES 1-10; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

86.     As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

87.     By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

## X.

## SEVENTH CLAIM FOR RELIEF

## Violation of Bane Act – Cal. Civ. Code §52.1

### (As against All Defendants)

88.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-87.

89.     Defendants, while acting within the course and scope of their duties as LAPD officers or supervisors, interfered with the rights of Plaintiff to be free from unreasonable seizures by committing acts of coercion or intimidation.

90.     THE CITY OF LOS ANGELES is vicariously liable for the wrongful acts of individual Defendants and DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or his to liability.

91.     As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

92.     The acts of Defendants Officer Ahn, Officer Albizures and DOES 1-10 were willful, wanton, malicious and oppressive justify the awarding of exemplary and punitive damages.

93.     Plaintiff is entitled to and does seek attorney's fees.

/ / /

/ / /

## XI.

## EIGHTH CLAIM FOR RELIEF

## False Arrest/False Imprisonment

## (As Against All Defendants)

94.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-93.

95.     DOES 1-10, acting intentionally, and with conscious disregard for Plaintiff's civil and constitutional rights, unlawfully arrested him without a warrant, probable cause or lawful purpose, causing him to be placed unlawfully under the control and custody of Defendants.  Thus, Defendants caused him to be confined and incarcerated without lawful process or legal justification.

96.     THE CITY OF LOS ANGELES is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

97.     As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

98.     The acts of DOES 1-10 were willful, wanton, malicious and oppressive justify the awarding of exemplary and punitive damages.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

## XII.

## NINTH CLAIM FOR RELIEF

## Intentional Infliction of Emotional Distress

## (As against All Defendants)

99.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-98.

100.   The acts described in Section III of Defendants were outrageous, intentional, unlawful, malicious, and committed for the express purpose of causing Plaintiff to suffer mental anguish, emotional distress and represented conduct which goes beyond all possible bounds of decency.

101.   As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, some of which are ongoing.

102.   The acts of DOES 1-10 were willful, wanton, malicious and oppressive justify the awarding of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against all Defendants, including DOES 1 through 10, inclusive, as follows:

1.    For an award of general and special damages according to proof.

2.    For punitive damages against the individual defendants in their individual capacities according to proof as to only the first, second, third, fourth, seventh, eighth and ninth claims.

3.    For attorney's fees according to proof as to only the first, second, third, fourth, fifth, sixth and seventh claims.

4.    For costs of suit incurred, and

COMPLAINT FOR DAMAGES

5.    For such other and further relief as the Court deems just and proper.

Dated:  July 16, 2022                          ROBERT STANFORD BROWN, APC


                                               By:      /S/ Robert S. Brown
                                               _____
                                               Robert S. Brown, Esq.
                                               Attorney for IGOR SAKHAR

COMPLAINT FOR DAMAGES

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff IGOR SAKHAR requests that this action be determined by trial by jury.

Dated:  July 16, 2022                    ROBERT STANFORD BROWN, APC


By:        /s/ Robert S. Brown
_____
Robert S. Brown, Esq.
Attorney for IGOR SAKHAR

COMPLAINT FOR DAMAGES